FILED

2014 Feb-24  AM 10:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| BRANDON WILLIAMS, a minor suing by and through his legal custodian, guardian and next friend, BLAINE BREASEALE, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 4:11-cv-02384-RBP |
| THE COLEMAN COMPANY, INC., d/b/a SEVYLOR, POLYAMA PLASTIC INDUSTRIAL LTD and ZHONGSHAN PLEASURE TIME PLASTIC INDUSTRIAL LTD, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This cause comes on to be considered on the plaintiff's Motion for a Determination of Applicable Law, and plaintiff's Motion to Strike Defenses, both filed on December 7, 2013. The court has concluded that it would be premature for it to rule on these motions prior to discovery, but the court will collect some archival information to be further considered after discovery. The court will reference some cases which will set the tone for the issues of the case and cite a number of cases which the parties argue have significance, along with some commentary by the court. The parties will be given an opportunity to saddle their horses and lead an "archivalry" charge to rebut and elucidate. The parties should suggest whether there are any significant legal issues not related to the capacity of the plaintiff to be negligent. The parties have agreed that this is an admiralty case and that maritime law is generally involved. The court will not cite any

cases which support this agreement.  The main underlying issue is how the appropriate maritime law should be determined and applied with regard to juveniles.

The parties agree that there is no controlling case or statute which presently provides how the capacity of the plaintiff to be guilty of negligence or contributory negligence should be determined.   The plaintiff argues that the analysis should be framed, at least partially, by Alabama law.  He cites as follows:

> Under Alabama law, contributory negligence of child under 7 does not bar recovery.  *Birmingham Elec. Co. v Kirkland*, 118 So. 640, 613 (1928); *White Swan Laundry Co. v Wehrhan*, 79 So. 479, 481 (1918).  Under Alabama law, negligence of parent/custodian does not bar or reduce personal injury claim of the infant.  *Nunn v Whitworth*, 545 So. 2d 766, 767 (1989); *Bentley v Lawson*, 191 So.2d 372, 376 (1966); *Birmingham Elec. Co. v Kirkland*, 118 So. 640, 643 (1928).  Under Alabama law, test for assumption of the risk by an infant is at least as demanding as for contributory negligence.  *Superskate Inc v Nolen by Miller*, 641 So. 2d 231 (Ala. 1994).

The parties appear to agree that admiralty does not recognize assumption of the risk as a defense and applies comparative negligence.  *Socony-Vacuum Oil Co v Smith*, 305 U.S. 424, 429 (1939); *Pope & Talbot v Hawn*, 346 U.S. 406, 408-09 (1953); *The Max Morris*, 137 U.S. 1, 14 (1890).   They further agree that general admiralty law applies.  *See East River S.S. Co. v Transamerica Delaval*, 476 U.S. 858, 864 (1986) ("With admiralty jurisdiction comes the application of substantive admiralty law.  Absent a relevant statute, the general maritime law, as developed by the judiciary applies.") (citations omitted).   And, that comparative negligence always applies over contributory negligence.  *See Pope & Talbot v Hawn*, 346 U.S. 406, 408-09 (1953) ("The harsh rule of the common law under which contributory negligence wholly barred an injured person from recovery is completely incompatible with modern admiralty policy and practice. Exercising its traditional discretion, admiralty has developed and now follows its own fairer and more flexible rule which allows such consideration of contributory negligence in mitigation of damages as justice requires."); *The Max Morris*, 137 U.S. 1, 14 (1890).

## Plaintiff

The plaintiff further argues that:

The standard of care for infants/juveniles is a peculiarly local interest. *See Huron Portland Cement Co. v. City of Detroit, Mich.*, 362 U.S. 440 (1960). Where there is no admiralty rule and one is not really needed, the court may apply state law. *See Wilburn Boat Co. v. Fireman's Ins. Co.*, 348 U.S. 310 (1955); *Kossick v United Fruit Co.*, 365 U.S. 731 (1961). State law, however, cannot interfere with the elements of the substantive cause of action itself. *E. River S.S. Corp. v. Transam. Delvael, Inc.*, 476 U.S. 858 (1986).

There is a one-way, pro-plaintiff "ratchet," allowing state law to apply when it is favorable to the plaintiff. *See Kossick v. United Fruit Co.*, 365 U.S. 731 (1961); *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715 (1980); *Yamaha Motor Corp,,U.S.A. v. Calhoun*, 516 U.S. 199 (1996). "The general maritime law" is simply the body of judge-made and non-statutory admiralty law. *See Moragne v. States Marine Lines*, 398 U.S. 375 (1970).

## Defendants

The defendants argue that:

In admiralty actions, federal admiralty law governs. *E. River S.S. Corp. v. Transam. Delvael, Inc.*, 476 U.S. 858, 864 (1986).

Maritime law must not (1) be contrary to the "essential purpose" of an act of Congress; "material[ly] prejudice[ial]" to a "characteristic feature[]" of general maritime law; or disruptive to the "proper harmony and uniformity" of general maritime law or (2) deprive a party of a "substantial right" provided by admiralty law. *See S. Pac. Co. v. Jensen*, 244 U.S. 205, 216 (1917), *superseded by statute*,[1] Longshoremen's and Harbor Workers' Compensation Act, ch.

---

[1] *Jensen* actually states:

Equally well established is the rule that <u>state statutes</u> may not contravene an applicable act of Congress

509, 44 Stat. 1424 (1927) (codified as amended at, 33 U.S.C. § 901 et seq.); *Garrett v. Moore-McCormack Co.*, 317 U.S. 239 (1942); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406 (1953).

Comparative fault is a characteristic feature of admiralty law and a substantial right. *See United States v. Reliable Transfer Co, Inc.*, 421 U.S. 397 (1975); *Pope & Talbot*, 346 U.S. at 408-09 (1953); *Lewis v. Timco, Inc.*, 716 F.2d 1425, 1428 (5th Cir. 1983).

This case is not of peculiarly local concern and *Huron* is inapplicable. *Huron Portland Cement v. Detroit*, 362 U.S. 440 (1960).

An admiralty rule does exist for the case here (comparative negligence). *See Wilburn Boat Co. v. Fireman's Insurance Co.*, 348 U.S. 310 (1955).

The court has repeatedly emphasized the need for uniformity. *See Am. Dredging Co. v. Miller*, 510 U.S. 443 (1994); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207 (1986); *Kossick v. United Fruit Co.*, 365 U.S. 731 (1961). *Yamaha* does not provide that state interests must always trump competing admiralty principles. *See In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. On Sept. 22, 1993*, 121 F.3d 1415, 1424-25 (11th. Cir. 1997). Courts have declined to apply a parental immunity doctrine and interspousal immunity. *See Szollosy v. Hyatt Com.*, 396 F. Sup. 2d 147 (D. Conn. 2005); *Byrd v. Byrd*, 657 F.2d 615 (4th Cir. 1981).[2] Assumption of the risk is not a defense in admiralty. *See Socony-Vacuum Oil Co. v. Smith*, 305 U.S. 424 (1939); *Nat'l Marine Serv., Inc. v. Petroleum Serv. Corp.*, 736 F.2d 272 (5th Cir. 1984).

---

or affect the general maritime law beyond certain limits. … And plainly, we think, <u>no such legislation is valid if it contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations. This limitation, at the least, is essential to the effective operation of the fundamental purposes for which <u>such law was incorporated into our national laws</u> by the Constitution itself.

244 U.S. 205, 216 (1917) (emphasis added). *Jensen* suggests that if <u>state</u> <u>law</u> would contravene uniformity (i.e. having multiple standards for infants), created admiralty law must apply. The defendants do not argue that a rule saying infants under 7 cannot be negligent would contravene an admiralty purpose. Rather, they say applying different rules of states would contravene an admiralty purpose (uniformity). The defendants have not argued against the creation of such rules. They have only argued the court should not apply Alabama law.

[2] Such immunity does not involved capacity.

Plaintiff's guardian's negligence may be asserted as related to foreseeability.  *See Williams v. BIC Corp.*, 771 So.2d 441 (Ala. 2000).

## Court

The court further notes that:

Striking an affirmative defense is proper only if the defense is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); Fed. R. Civ. P. 12.

When a case triggers the court's admiralty jurisdiction, it applies substantive maritime law; however, state law <u>may sometimes</u> still be applicable.  *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 837-38 (11th Cir. 2010); *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996); *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 839 n. 16 (11th Cir. 2010).

The assumption of the risk defense is not a bar to recovery in admiralty.  *See Edward Leasing Corp. v. Uhlig & Associates, Inc.*, 785 F.2d 877, 886 (11th Cir. 1986).

Comparative negligence applies to maritime torts.  *See Pope & Talbot v. Hawn*, 346 U.S. 406, 408-09 (1953).

Alabama law bars the negligence of infants under seven and also bars the imputing to them the negligence of their guardians.  *See Jones v. Strickland*, 77 So. 562, 565 (Ala. 1917); *Proctor v. United States*, 443 F. Supp. 133, 135 (N.D. Ala. 1977); *Nunn v. Whitworth By & Through Whitworth*, 545 So. 2d 766, 767 (Ala. 1989).

This court does not adopt a state rule as such.  The *Jensen* test (list of three factors) have not been applied consistently.  *Compare Am. Dredging Co. v. Miller*, 510 U.S. 443, 447 (1994)

(specifically citing the *Jensen* factors) *with Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996) (not citing the *Jensen* factors); *see also Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 839 n. 16 (11th Cir. 2010) ("The application of this rule has not been completely clear and consistent."); *In re Antill Pipeline Const. Co., Inc.*, 866 F. Supp. 2d 563, 568 (E.D. La. 2011).  As stated, this court does not apply state law here.

Courts may apply state laws to specific legal questions where admiralty law is silent, as long as it does not frustrate the uniformity of admiralty law.  *Coastal Fuels Mktg., Inc. v. Florida Exp. Shipping Co., Inc.*, 207 F.3d 1247, 1251 (11th Cir. 2000).   Uniformity is a fundamental feature of admiralty law.  *See Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 401 (1970); *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 121 F.3d 1421, 1425 (11th Cir. 1997); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 414 (2d Cir. 1990).

Generally, there is nothing local about maritime torts or the substantive state law regulating them.  *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 631 (1959) (holding state's invitee/licensee distinction inapposite in admiralty); *Calhoun*, 216 F.3d at 351 (finding state law barring comparative negligence as defense in products liability action inapplicable); *Byrd v. Byrd*, 657 F.2d 615, 621 (4th Cir. 1981) (refusing to incorporate interspousal immunity in tort actions); *In re Antill Pipeline Const. Co., Inc.*, 866 F. Supp. 2d 563, 569-70 (E.D. La. 2011) (declining to apply state law barring recovery to intoxicated, negligent boat operators); *Szollosy v. Hyatt Corp.*, 396 F. Supp. 2d 147, 156 (D. Conn. 2005) (determining state parental immunity law was inapplicable).

Courts have applied admiralty laws to cases involving juvenile plaintiffs.  *See, e.g., Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125 (3d Cir. 2002) (.

*Wilburn boat* is distinguishable from the present facts. *See Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955); *Byrd v. Byrd*, 657 F.2d 615, 619 (4th Cir. 1981); *Pope & Talbot v. Hawn*, 346 U.S. 406, 408-09 (1953).

Admiralty's comparative fault principles would allow the defendants to allege fault on the behalf of other parties, including plaintiff's parents or custodian. *See Phillips Petroleum Co. v. Stokes Oil Co., Inc.*, 863 F.2d 1250, 1255 (6th Cir. 1988); *United States v. Reliable Transfer Co., Inc.*, 421 U.S. 397, 411 (1975).

Proximate cause requirement (including superseding cause doctrine) is applicable in admiralty. *See Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 836 (1996).

### Court's Further Comments

None of which has been stated above and which follows is presently binding. Only inclinations of the court, which may be later disregarded, are stated.

The defendants stress that any law which this court determines to be appropriate maritime law must be uniform. This court is inclined to hold that some definitive statement of an age below which a juvenile lacks capacity for negligence, contributory negligence, etc. would create more uniformity than defendants' suggestion that all such determinations should be governed by a fact finder who decides what a reasonable person of that age would do under the same circumstances. Such decisions could lead, as defendants have agreed, to findings of a jury or judge by at least, partial whim. The defendants have argued that such findings could be made as to a person two years (maybe one year?) old and up. This court suggests that a law which holds that juveniles less than seven years of age lack capacity would be more uniform than a blank check. This suggestion is based on logic rather than state law. The test of what a reasonable person of the same age would do would be more appropriate as to children of seven

and up.  The two areas of law would not be inconsistent.  The defendants have acknowledged that age is a relevant factor.

Maritime law must be uniform "in its international and interstate relations."  *Jensen*, 244 U.S. at 216.  As stated, setting an age cap for capacity is more uniform than the lack of such a cap.  There is no disruption of the purposes of maritime law when considered in the light of special safety needs when children are in boats, on docks, etc.

The court also disagrees with defendants' argument that the comparative negligence rule somehow impacts any judgment to which the plaintiff may be entitled, regardless of whether the plaintiff has the capacity to be negligent or is otherwise found not to be negligent.

Neither this court nor the parties have significantly addressed what the situation will be if a jury or a judge were to conclude that the plaintiff was not injured as the result of any fault by any defendant.  Would that moot the main issue in this case?  On the other hand would the comparative negligence rule reduce any judgment granted to the plaintiff if he is not at fault in any way?  Are the defendants arguing that they can reduce a judgment of the plaintiff against them by having the jury determine the proportionate damages of a non-party?  Please quote from controlling cases.  Keep it brief and pointed.  Any objection must be filed within 10 days. Further, the parties should confer and recommend a date to end discovery.

This the 24th day of February 2014.


_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**