IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BRANDON WILLIAMS, a minor suing by and through his legal custodian, guardian, and next friend, BLAINE BREASEALE,** ] ] ] ] ] | |
| Plaintiff, ] | Case No.: 4:11-cv-02384-KOB |
| ] | |
| v. ] | |
| ] | |
| **THE COLEMAN COMPANY, INC., d/b/a SEVYLOR, POLYAMA PLASTIC INDUSTRIAL LTD., and ZHONGSHAN PLEASURE TIME PLASTIC INDUSTRIAL LTD.,** ] ] ] ] ] | |
| Defendants. ] | |

**MEMORANDUM OPINION**

This matter is before the court on the parties' "Joint Motion for a Pretrial Determination of Applicable Substantive Law on Strict Liability Claim." (Doc. 125). In this Motion, the parties ask the court to decide whether the Plaintiff's strict liability claim under admiralty law is governed by the Restatement (Second) of Torts or the Restatement (Third) of Torts.

Having reviewed the parties' briefs and considered the applicable law, the court finds that the Restatement (Second) of Torts applies to the Plaintiff's strict liability claim.

The parties agree that admiralty law governs the Plaintiff's claim. The United States Supreme Court has held that the general maritime law recognizes strict liability in tort. *See East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 865 (1986) ("We join the Courts of Appeals in recognizing products liability, including strict liability, as part of the general maritime

law."). Thus, the plaintiff's strict liability claim is viable under admiralty law.

However, the question remains whether the Restatement (Second) of Torts or the Restatement (Third) of Torts applies to the Plaintiff's claim. The Defendants contend that the Second Restatement applies, while the Plaintiff contends that the Third Restatement applies.

In 1997, regarding a strict liability claim in admiralty, the Eleventh Circuit declared: "We follow the Restatement (Second) of Torts § 402A for the generally accepted principles of tort law." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1371, 1379 (11th Cir. 1997), *cert. granted*, *judgment vacated on other grounds*, 524 U.S. 924 (1998). Accordingly, the Defendants contend that this court should apply § 402A of the Second Restatement to the Plaintiff's strict liability claim.

> The Restatement (Second) of Torts § 402A provides:
>
>> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>>> (a) the seller is engaged in the business of selling such a product, and
>>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>>
>> (2) The rule stated in Subsection (1) applies although
>>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>>> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

After the Eleventh Circuit's decision in *Gray*, in 1998, the American Law Institute adopted the Restatement (Third) of Torts. The Third Restatement establishes three separate standards of liability for manufacturing defects, design defects, and inadequate instructions or warnings. *See* Restatement (Third) of Torts: Products Liability § 2.

The relevant sections of the Restatement (Third) of Torts provide:

> One engaged in the business of selling or otherwise distributing products who sells or distributes a defective product is subject to liability for harm to persons or property caused by the defect.

Restatement (Third) of Torts: Products Liability § 1.

> A product is defective when, at the time of sale or distribution, it contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warnings. A product:
> (a) contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product;
> (b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe;
> (c) is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.

Restatement (Third) of Torts: Products Liability § 2.

In the comments to the Third Restatement, the drafters explain that these provisions of the Third Restatement "recognize that the rule developed for manufacturing defects [in the Second Restatement] is inappropriate for the resolution of claims of defective design and defects based on inadequate instructions or warnings." Restatement (Third) of Torts: Products Liability § 1, Comment a.

In recent years, courts sitting in admiralty have begun to apply the Third Restatement to product liability claims in admiralty with more frequency. *See, e.g.*, *Rodriguez v. Torres*, No. 11-

1602 (MEL), 2015 WL 1138256, at *8 (D.P.R. Mar. 13, 2015) ("As with design defect claims, in the failure to warn context admiralty law 'has gradually moved from the ephemeral consumer expectations test to the more concrete risk-utility test of the Restatement (Third).'") (citations omitted). Accordingly, the Plaintiff argues that this court should apply the "new and improved" Third Restatement to his strict liability claim.

However, the court is not convinced. The law pronounced in *Gray* remains the law of the Circuit. The Eleventh Circuit has not yet declared a change from the Second Restatement to the Third. Accordingly, this court is bound to apply Eleventh Circuit precedent.

Additionally, one of the leading admiralty law treatises, Schoenbaum's *Admiralty and Maritime Law*, explains that "[t]he applicable substantive law of products liability in admiralty *is* Section 402a of the Restatement (Second) of Torts (1965) . . . ." 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5-7 (5th ed. 2012) (emphasis added). This pronouncement by Schoenbaum supports the court's conclusion that the Second Restatement applies to the Plaintiff's claim.

The Plaintiff argues that the Eleventh Circuit did apply the Third Restatement to a strict liability claim in admiralty in the 2009 case of *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.* 561 F.3d 1181 (11th Cir. 2009). However, the court disagrees with the Plaintiff's interpretation of that case. In *St. Paul Fire*, a Florida admiralty case concerning the interpretation of the term "manufacturer's defect" in an insurance policy, the Eleventh Circuit tangentially discussed the Third Restatement in a footnote, explaining that "[c]ourts and the Restatement of Torts distinguish between design defects and manufacturing defects. *See, e.g.,* . . . Restatement (Third) of Torts § 2 (1998) (setting forth different standards of liability for manufacturing and

design defects)." 561 F.3d at 1190 n. 18. In the text of the Opinion, however, the Eleventh Circuit also discussed a case that relied on the Second Restatement. *Id*. at 1190 ("Although there is a distinct difference between a manufacturing defect and a design defect, manufacturers may be liable for both types of defects. *See Jennings v. BIC Corp*., 181 F.3d 1250, 1255 (11th Cir.1999) (explaining that Florida has adopted the Restatement (Second) of Torts § 402(A) . . . .)"). The court in *St. Paul Fire* ultimately did not decide whether Florida law or admiralty law, and specifically whether the Second or Third Restatement under admiralty law, applied because it concluded that state law and maritime law did not conflict on the relevant issue.

The court in *St. Paul Fire* did not make a broad pronouncement that the Restatement (Third) of Torts applies to all strict liability claims in admiralty in the Eleventh Circuit. Rather, it used the Third Restatement to demonstrate that courts and the Restatements distinguish between different types of product defects.

Moreover, even after the Eleventh Circuit's decision in *St. Paul Fire*, district courts within the Eleventh Circuit continued to apply § 402A of the Second Restatement to strict liability claims in admiralty. *See, e.g., Shore v. Magical Cruise Co., Ltd.*, No. 6-14-cv-358-ORL-31GJK, 2014 WL 3687100, at *2 (M.D. Fla. July 24, 2014); *Carrier v. Jordaan*, 746 F. Supp. 2d 1341, 1347-48 (S.D. Ga. 2010).

Thus, the court finds that, even if some courts sitting in admiralty are beginning to shift towards the Third Restatement for products liability claims, the Eleventh Circuit has not yet made that move, and the law applicable to the Plaintiff's strict liability claim is § 402A of the Restatement (Second) of Torts.

Nonetheless, as the Plaintiff has correctly noted, all three types of defects – design

defects, manufacturing defects, and inadequate warnings – are cognizable under the Second Restatement. *See Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999) (explaining that under § 402A of the Restatement (Second) of Torts, "a product may be defective by virtue of a design defect, a manufacturing defect, or an inadequate warning.") (citations omitted). Section 402A does not limit the type of defects that Plaintiff may argue existed in the product at issue in this case; it merely provides the standard for determining whether that product was defective.

Therefore, for the reasons set out in this Opinion, the court FINDS that § 402A of the Restatement (Second) of Torts applies to the Plaintiff's strict liability claim. The court ORDERS the parties to jointly submit to the court by email on or before April 29, 2016 an updated proposed pretrial order, which sets out agreed applicable propositions of law in accordance with this Opinion.

DONE and ORDERED this 21st day of April, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE